IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE ALLEN COMBS,<br><br>                  Petitioner,<br><br>          vs.<br><br>SHAWN HATTON, Warden, Correctional Training Facility,<br><br>                  Respondent. | No. 2:17-cv-00788-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 21] |

        On December 12, 2017, this Court denied Gene Allen Combs, a state prisoner proceeding *pro se*, habeas relief and also denied him a certificate of appealability. Docket Nos. 19 ("Order"), 20. At Docket No. 21, Combs filed a "Petition for Rehearing (Rule 40, Fed. R. App. Proc.)" dated December 25, 2017 ("Motion"), which is now pending before the Court.

        The record indicates that Combs simultaneously filed a notice of appeal seeking from the Ninth Circuit Court of Appeals review of this Court's Order. Docket No. 24. Although Combs' Motion cites the Federal Rules of Appellate Procedure and refers to the reconsideration of an appellate order, the Ninth Circuit has not yet ruled on Combs' appeal, and thus any motion for reconsideration of his appeal is premature. This Court will therefore construe Combs' *pro se* Motion, which seeks this Court's reconsideration of its Order denying habeas relief, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment." (citation and

internal quotation marks omitted)); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) the motion is necessary to present newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, 127-28 (2d ed. 1995)). Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001).

Combs has not made an adequate showing under any of the four basic grounds for amending or altering the judgment referenced above. Combs contends that he is entitled to a rehearing on his habeas petition because the Court relied on "misinformation" contained in a

declaration by his trial counsel, which Respondent attached as an exhibit to his Answer in response to Combs' ineffective assistance claims. Combs contends that certain statements in counsel's declaration are inconsistent with counsel's statements made during a *Marsden* hearing[1] held in the trial court. But an independent review of the record reveals that none of the statements in question conflict with counsel's earlier statements. Moreover, Combs highlighted counsel's statements from the hearing in his Traverse, and thus Combs simply repeats arguments in the Motion that have already been considered and rejected by this Court. Combs has accordingly failed to provide any basis upon which this Court could alter or amend the judgment and additionally fails to provide any basis for this Court to reconsider its prior determination not to grant a Certificate of Appealability.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 21 is **DENIED**.

Dated: March 2, 2018.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

---

[1] *People v. Marsden*, 465 P.2d 44 (Cal. 1970) (holding it was error for the trial court to deny a defendant's motion to relieve his court-appointed attorney without holding a hearing to allow the defendant to explain its grounds).